## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| RONALD FAGGINS,          ) | |
|          Plaintiff,    ) | |
|          ) | |
| v.          ) | Civil Action No. 3:16-cv-00874-B |
|          ) | |
| NATIONSTAR MORTGAGE LLC;    ) | |
| EXPERIAN SERVICES CORP.;    ) | |
| TRANS UNION LLC;  and    ) | |
| EQUIFAX INFORMATION SERVICES LLC,    ) | |
|          ) | |
|          Defendants.    ) | |

## JOINT STATUS REPORT

Pursuant to the Court's May 12, 2016 Order, counsel for the parties to this lawsuit conferred on May 20, 2016, and discussed the matters set forth therein. The following is the Parties' Joint Status Report on those matters for the Court's information and consideration:

**1.    A brief statement of the nature of the case, including the contentions of the parties:**

Plaintiff alleges that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (FCRA), by continuing to report a debt as due and owing after it was discharged in bankruptcy.

Defendants contend that at all times they have complied with the FCRA and deny that they are liable to Plaintiff for any damages.

**2.    Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed:**

None of the parties challenge jurisdiction or venue.

**3.    Any pending motions:**

There are no pending motions at this time.

**4.     Any matters which require a conference with the court:**

None at this time.

**5.     Likelihood that other parties will be joined or the pleadings amended:**

The parties do not anticipate joining other parties or further amending the pleadings at this time.

**6.     (a) An estimate of the time needed for discovery, with reasons:**

Defendants anticipate the need for an approximate nine-month discovery period so as to allow sufficient time to subpoena the necessary records from third parties, prepare and respond to written discovery, and take the necessary depositions.

**(b) A specification of the subjects on which discovery may be needed:**

The parties anticipate discovery will be needed on the following subjects:

- The status of the debt and its discharge;

- Defendants' internal dispute policies;

- The bases for Plaintiff's claims;

- The bases for Defendants' defenses;

- Plaintiff's damages;

- The facts and circumstances surrounding the allegations in Plaintiff's Complaint;

- The accuracy of the Nationstar account;

- The disposition of Plaintiff's mortgage/debt in his bankruptcy proceeding;

- Communications between Plaintiff and the Defendants;

- Reinvestigations conducted by the Defendants;

- Communications between Plaintiff and his creditors;

- The facts and circumstances surrounding Plaintiff's alleged damages;

- Plaintiff's failure to mitigate his alleged damages;

- Causation relating to Plaintiff's alleged damages;

- The facts and circumstances surrounding Plaintiff's alleged adverse credit action;

- Plaintiff's credit history and usage;

- The facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and

- Any other issues raised by the pleadings or discovery.

The foregoing is not to be construed as an acknowledgement of the propriety of any particular discovery demand or method, and the parties' rights to object to discovery as propounded are expressly preserved.

**(c) Whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

The parties agree that discovery should not be conducted in phases or limited to or focused upon particular issues.

**7.    Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced:**

To the extent that any non-privileged, electronically stored information is discoverable and requested, the producing party will produce electronically stored information in PDF format, in searchable or non-searchable format.

8.     **Any issues relating to claims of privilege or of protection as trial-preparation material, including if the parties agree on a procedure to assert such claims after production and whether they will be asking the Court to include their agreement in an order:**

None.

9.     **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed:**

None.   The parties believe that the standard limits under the Federal and Local Rules should govern discovery.

10.    **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c):**

Defendants anticipate that discovery in this case may require them to produce confidential and/or proprietary business information.   Accordingly, the parties respectfully request that, pursuant to Fed. R. Civ. P. 26(c), the Court enter a protective order.  The parties will attempt to negotiate a mutually acceptable order before seeking relief from the Court.

11.    **Propose deadlines with specific dates that limit the time to:**

**(a) Join other parties and to amend the pleadings:**

June 20, 2016.

**(b) File motions, including summary judgment and other dispositive motions:**

April 20, 2017.

**(c) Complete discovery:**

March 20, 2017.

**(d) Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2):**

November 7, 2016 (*for Plaintiff*);

December 7, 2016 (*for Defendants*).

12. **Requested trial date, estimated length of trial, and whether jury has been demanded:**

The parties do not request a specific trial date.  It is estimated that a trial would take 2–3 days.  The parties have demanded a trial by jury.

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c):**

The parties do not consent to trial before a U.S. Magistrate Judge.

14. **Progress made toward settlement, and the present status of settlement negotiations:**

The parties have had preliminary settlement discussions.

15. **What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective:**

The parties believe that an early court-supervised settlement conference would be beneficial to all parties.  Additionally, the parties request a Rule 16 Conference.

16. **Any other matters relevant to the status and disposition of this case:**

None.

Submitted this 2nd day of June, 2016.

/s/ Jenny DeFrancisco
_____
Jenny DeFrancisco, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Phone: (917) 981-0849
Facsimile: (888) 953-6237
Email: jdefrancisco@lemberglaw.com
Counsel for Plaintiff


/s/ Sidney H. Scheinberg
_____
Sidney H. Scheinberg, Esq.
James E. Johanns, Esq.
GODWIN PC
1201 Elm Street, Suite 1700
Dallas, TX 75270
Telephone: (214) 939-4501
Facsimile: (214) 760-7332
Email: sscheinberg@godwinlaw.com
Email: jjohanns@godwinlaw.com
Counsel for Defendant
Nationstar Mortgage LLC


/s/ Amanda Loughmiller
_____
Amanda Loughmiller, Esq.
Texas Bar No. 24028042
STRASBURGER & PRICE, LLP
2801 Network Boulevard, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3986
Facsimile: (469) 227-6593
Email: amanda.loughmiller@strasburger.com
Counsel for Defendant
Trans Union LLC

/s/ Allison L. Fuller
_____
Allison L. Fuller, Esq.
Texas Bar No. 24087547
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
Email: afuller@jonesday.com
*Counsel for Defendant*
*Experian Information Solutions, Inc.*


/s/ Daniel D. McGuire
_____
Daniel D. McGuire, Esq.
Texas Bar No. 24081282
POLSINELLI PC
2950 North Harwood Street, Suite 2100
Dallas, TX 75201
Telephone: (214) 661-5580
Facsimile: (214) 397-0033
Email: dmcguire@polsinelli.com
*Counsel for Defendant*
*Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on June 2, 2016, a true and correct copy of the foregoing

Joint Status Report was filed with the Clerk of Court for the United States District Court for the

Northern District of Texas using the CM/ECF system, which sent notice of such filing to the

following parties listed below:

Sidney H. Scheinberg, Esq.
James E. Johanns, Esq.
GODWIN PC
1201 Elm Street, Suite 1700
Dallas, TX 75270
*Counsel for Defendant Nationstar Mortgage LLC*


Amanda Loughmiller, Esq.
STRASBURGER & PRICE, LLP
2801 Network Boulevard, Suite 600
Frisco, TX 75034
*Counsel for Defendant Trans Union LLC*


Allison Fuller, Esq.
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
*Counsel for Defendant Experian Information Solutions, Inc.*


Daniel D. McGuire, Esq.
POLSINELLI PC
2950 North Harwood Street, Suite 2100
Dallas, Texas 75201
*Counsel for Equifax Information Services LLC*


　　　　　　　　　　　　　　　　　　 */s/   Jenny DeFrancisco*
　　　　　　　　　　　　　　　　　　　　　 Jenny DeFrancisco